IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HON. ROY S. MOORE, Chief Justice of the Supreme Court of Alabama, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:16cv388-WHA |
| | ) | (wo) |
| | ) | |
| JUDICIAL INQUIRY COMMISSION OF THE STATE OF ALABAMA; BILLY C. BEDSOLE, in his official capacity as Chairman of the Judicial Inquiry Commission of the State of Alabama; DAVID SCOTT, HON. RANDALL L. COLE, HON. CRAIG S. PITTMAN, DAVID THRASHER, RALPH D. MALONE, AUGUSTA S. DOWD, HON. KIM J. CHANEY, and HON. DAVID A. KIMBERLEY, in their official capacities as Members of the Judicial Inquiry Commission of the State of Alabama; LUTHER STRANGE, in his official capacity as Attorney General Of the State of Alabama; and HON. LYN STUART, in her official capacity as Acting Chief Justice of the Supreme Court of Alabama, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

This case is before the court on a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and

12(b)(6), filed by the Judicial Inquiry Commission of the State of Alabama and its Members

Named in Their Official Capacities (Doc. #32) and a Motion to Dismiss filed by Defendant

Attorney General Luther Strange (Doc. #31).[1]

The Plaintiff, Roy S. Moore, Chief Justice of the Supreme Court of Alabama ("Plaintiff"

or "the Chief Justice"), filed a Verified Complaint for Declaratory Judgment and Injunctive

Relief in this case on May 27, 2016.  In the Verified Complaint the Plaintiff asks this court to

declare that Article VI, Section 159 of the Alabama Constitution violates due process guaranteed

under Fourteenth Amendment of the United States Constitution; to enjoin enforcement of

Section 159; and to award him the costs of this action and reasonable attorney's fees, and to

award such other and further relief as the Court deems just and proper (Doc. #1 at p.28).[2]  In a

separately-filed Motion for Preliminary Injunction (Doc. #2),[3] the Plaintiff asks for an injunction

from enforcing Section 159 against the Plaintiff or any other Alabama judge and asks that this

court reinstate the Plaintiff to his judicial office of the Chief Justice of the Supreme Court of

Alabama, "empowered to exercise all duties and responsibilities attendant to that office."  (Doc.

#2, #2-1).

The Judicial Inquiry Commission of the State of Alabama and its members named in their

official capacities (collectively, the "JIC") have moved for dismissal of the Verified Complaint

---

[1]  The Plaintiff has filed a Notice of Voluntary Dismissal Without Prejudice of Luther Strange
(Doc. #39).  That Defendant will, therefore, be dismissed without prejudice.
[2]  The court refers to the electronic filing document and page numbers throughout this
Memorandum Opinion and Order.
[3]  The brief in support of the Motion for Preliminary Injunction is redacted and the brief in
support of the Motion to Dismiss has been filed under seal because they rely on documents
which were ordered sealed by the Supreme Court of Alabama.  In this Memorandum and Order,
while the court has considered these briefs and documents, to respect the sealing of the
documents in state court, the court has not referred directly to the content of any document which
has been sealed by the Alabama Supreme Court.

on the basis of *Younger* abstention or, in the alternative, for failure to state a claim upon which relief can be granted.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED on the basis of *Younger* abstention, and the Motion for Preliminary Injunction DENIED as moot.

## II.      MOTION TO DISMISS STANDARD

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence*, 919 F.2d at 1529. Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). The court has considered the Defendants' *Younger* abstention argument to be appropriately raised under Rule 12(b)(1).

## III.  FACTS

The Plaintiff, Chief Justice Moore, is the elected Chief Justice of the Supreme Court of Alabama. The Defendant JIC is a nine-member body created by the Alabama Constitution as a part of the Judicial Article adopted by the people of Alabama, which provides that the JIC shall be convened permanently with authority to conduct investigations and receive or initiate complaints concerning any judge of a court of the judicial system of this state. Art. VI, §156 (b), Ala. Const. The JIC functions in a manner similar to a grand jury. The JIC files a complaint

with the Court of the Judiciary ("COJ") in the event that a majority of the members decide that a reasonable basis exists to charge a judge with violation of any Canon of Judicial Ethics, misconduct in office, or failure to perform his or her duties.  Art. VI, §156(b), Ala. Const.   The Supreme Court of Alabama adopts rules governing the procedures of the JIC.  Art. VI, §157(c).  A judge who claims to be aggrieved by any violation of those rules by the JIC can petition the Court of the Judiciary or Supreme Court of Alabama under the Rules of Procedure of the Judicial Inquiry Commission, Rule 19.

The COJ functions as a trial court to try Complaints against a judge which have been filed with it by the JIC.  It consists of one judge of an appellate court other than the Supreme Court, two judges of a circuit court, one district judge, two members of the state bar, two persons who are not lawyers, appointed by the Governor, and one person appointed by the Lieutenant Governor.  Art. VI, §157(a), Ala. Const.  A judge aggrieved by a decision of the COJ may appeal to the Supreme Court of Alabama. Art. VI, §157(b), Ala. Const.  The Alabama Supreme Court adopts rules governing the procedures of the COJ.  Art. VI, §157(c).

On Friday, May 6, 2016, the JIC filed a Complaint against the Plaintiff, Chief Justice Moore, in the COJ.  The Plaintiff's Verified Complaint in this case alleges that the JIC Complaint against him includes six charges, all of which allege that an Administrative Order issued by the Chief Justice on January 6, 2016 violated Judicial Canons 1, 2, 2A, 2B, and 3.  As a result of the Complaint filed by the JIC, the Chief Justice was disqualified from acting as a judge while the Complaint is pending, pursuant to Article VI, §159 of the Alabama Constitution.

Section 159 states as follows:

A judge shall be disqualified from acting as a judge, without loss of salary, while there is pending (1) an indictment or information charging him in the United States with a crime punishable as a felony under a state or federal law, or (2) a complaint against

him filed by the judicial inquiry commission with the court of the judiciary.

This provision was adopted by vote of the citizens of Alabama in 1973.  (Ala. Const. Art. VI, §159, Editor's notes).   The Alabama Supreme Court is charged with enforcing the suspension provision.  Rule 14, Ala. R. P. Jud. Inq. Comm'n.

The Verified Complaint states that Defendant Justice Lyn Stuart became Acting Chief Justice of the Alabama Supreme Court upon Chief Justice Moore's disqualification.  The Verified Complaint further states that Chief Justice Moore's executive assistant was moved out of his office and into the clerk's office, his staff was informed that they could not discuss court matters with him, his staff has been told that they will receive direction from the other eight justices, and all of his cases have been reassigned.  (Doc. #1 at p.22).  These actions were taken by Acting Chief Justice Lyn Stuart as "enforcement measures to implement Section 159 of the Alabama Constitution."  (Doc. #1 at ¶97).

Docketed in the Supreme Court of Alabama is Case No. 1150818, captioned as *Ex parte Roy S. Moore* (*In re*: *Roy S. Moore v. Judicial Inquiry Commission of the State of Alabama*). The records in that case, including documents filed and orders entered, currently remain under seal pursuant to an order of the Supreme Court of Alabama.  (Doc. #1 at p.17).  The Chief Justice challenged, under JIC Rule 19, various actions of the JIC in bringing charges of ethics violations against him.  These challenges were ruled on by the Supreme Court of Alabama.[4]

## IV.   DISCUSSION

### *Younger* Abstention

---

[4] While these rulings are the basis for many of the Chief Justice's arguments in this case, because they are subject to seal in state court, this court has only referred to them in general terms.  The court also notes that some members of the Supreme Court of Alabama recused themselves and special justices were appointed in the places of the recused Justices to rule on these matters, pursuant to Ala. Code §12-2-14.

Federal courts have a "virtually unflagging obligation" to hear cases for which the courts have jurisdiction. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)(citation omitted).  The JIC's Motion to Dismiss rests in part on *Younger* abstention, which is a doctrine by which federal courts do not exercise jurisdiction in order to avoid interference in ongoing state proceedings in consideration of comity between the state and national governments.  *Luckey v. Miller*, 976 F.2d 673, 676 (11th Cir. 1992).  "The concept does not mean blind deference to 'State's Rights' any more than it means centralization of control over every important issue in our National Government and its courts." *Id.* (quoting *Younger v. Harris*, 401 U.S. 37 (1971)). Instead, abstention represents "sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the states." *Id.*  The *Younger* abstention doctrine is "an extraordinary and narrow exception" to the general rule of non-abstention. *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 947 (11th Cir. 2015).

Although the Supremacy Clause of the Constitution of the United States makes federal law supreme over any state law in conflict, U.S. Const. Art. VI, cl. 2, both federal courts and state courts are empowered to determine initially whether an action violates the federal constitution, with that determination by either ultimately being subject to review by the Supreme Court of the United States.  Under certain circumstances, the Supreme Court of the United States, under *Younger,* has provided for federal courts to defer that initial decision to state courts in respect for the rights of states to maintain their separate judicial systems without undue interference by federal courts in their ongoing proceedings.

The JIC points out that the Supreme Court of the United States has emphasized under the *Younger* abstention doctrine that if there is an ongoing state judicial proceeding that implicates important state interests, then a federal suit to enjoin that proceeding is improper if the constitutional claims could have been raised in state court, citing *Middlesex Cnty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

A three-pronged analysis, referred to as *Middlesex* factors, has developed which guides federal courts in the application of *Younger* abstention to disciplinary proceedings with a quasi-criminal context, such as the proceedings before the COJ in this case: 1. do the disciplinary proceedings constitute an ongoing state judicial proceeding, 2. do the proceedings implicate state interests, and 3. is there an adequate opportunity in the state proceeding to raise constitutional challenges. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 593 (2013); *Butler v. Alabama Judicial Inquiry Comm'n*, 245 F.3d 1257, 1262 (2001)("*Butler I*").   Also, "an essential part of the first *Middlesex* factor in *Younger* abstention analysis is whether the federal proceeding will interfere with an ongoing state court proceeding."  *31 Foster Children*, 329 F.3d at 1276.  Even if these circumstances exist, however, *Younger* abstention is not appropriate when "(1) there is evidence that the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004).  This court will begin with the first two prongs of the *Middlesex* analysis, and then address the remaining prong.

A.  First and Second Prongs of *Middlesex* Analysis

In its Motion, the JIC quotes from the Chief Justice's brief in support of his Motion for a Preliminary Injunction that "the first two criteria are indisputably satisfied:  a proceeding is pending in the COJ, and that proceeding implicates important interests in regulating the conduct

of state judges." (Doc. #3 at p. 39).   In his response brief in opposition to the Motion to

Dismiss, while he does not dispute the second prong, the Chief Justice disputes that the first

prong is satisfied in this case because, he states, enjoining Article VI, §159 of the Alabama

Constitution will not terminate the pending proceeding before the COJ or disrupt it in any way.

The JIC replies that a plaintiff's requested relief can interfere with the state proceeding if

it would disrupt the normal course of action in the state proceeding, even if the relief sought

would not terminate an ongoing proceeding, citing *31 Foster Children*, 329 F.3d at 1274.   The

JIC argues that this federal action has already interfered with the normal course of the state

proceedings because the Chief Justice is attempting to remove a question that should properly be

brought before the COJ and the federal action has and will insert delay into the proceedings.

In order to decide whether the federal proceeding would interfere with the state

proceeding, a court must look to the relief requested and the effect it would have on the state

proceedings. *Id.* at 1276.  In the Verified Complaint, the Chief Justice asks for a declaration that

Article VI, §159 of the Alabama Constitution violates the United States Constitution, an

injunction of the enforcement of Section 159 against the Plaintiff or any other Alabama judge,

and attorneys' fees.  In the view of the JIC, the Chief Justice has asked this court "to enjoin the

enforcement of Section 159 in the state proceedings," and to declare Article VI, §159's

disqualification provision a violation of due process under the federal constitution.  (Doc. #32 at

p.3).

As noted, the Chief Justice has taken the position that the removal from, and requested

reinstatement to, his office is separate from the ethics case against him, and, therefore, his

requested relief would not cause interference with an ongoing proceeding.   The Chief Justice

cites the court to *M.R. v. Board of School Com'rs of Mobile Cty.,* No. 11-0245-WH-C, 2012 WL

3778283, at *1 (S.D. Ala. Aug. 30, 2012).   For reasons to be explained, this court is not

persuaded that the *M.R.* court's ultimate finding applies in this case, but does find the *M.R.*

court's analysis useful in applying the first *Middlesex* prong in this case.

In *M.R.*, the plaintiffs were public school students who had been suspended without

notice and hearing.  The defendants moved for dismissal of the federal complaint on the basis of

abstention, arguing that even though there was no pending case in state court, under a unitary

proceeding rationale, there was an ongoing case because the plaintiffs had not pursued to

conclusion state judicial review proceedings. *Id.* at *3.   While the court agreed that there was an

ongoing proceeding, the court explained that abstention was not appropriate because if the

plaintiffs prevailed in federal court, the school board merely would be subject to an injunction

requiring it to provide notice and hearing, and the federal court would not be intruding on those

proceedings in individual cases.  *Id.* at *6 n.9.

The facts of this case are significantly different from *M.R.*  Here, an injunction against

temporary disqualification of the Chief Justice from his position would mean that the Chief

Justice would be placed back on the same court which rules on challenges to the JIC's

proceedings, and ultimately reviews a determination by the COJ on appeal.  Even more

significantly, in this case, the Chief Justice has requested an injunction against enforcement of

his disqualification, while in *M.R.* the plaintiffs sought an injunction requiring written notice and

a hearing. *Id.* at *6 n.9.   It was the requested relief of notice and hearing which was viewed by

the *M.R.* court as not warranting abstention, so the court's ultimate conclusion is not applicable

in the context of the requested relief of an injunction against enforcement by the Chief Justice in this case. [5]

The *M.R.* court, however, recognized a majority rule which this court is persuaded to apply in the instant case.  The court explained that under a "unitary proceeding" theory, state court proceedings are ongoing for *Younger* purposes where an administrative proceeding is completed and the plaintiff could invoke state judicial review, but instead files a §1983 lawsuit, even if there is no pending case in state court.  *Id.* at *4 (collecting cases).  In this case, temporary disqualification was required by §159 of Article VI of the Alabama Constitution and, according to the allegations of the Verified Complaint, has been enforced by orders of Acting Chief Justice Stuart respecting the Chief Justice's access to staff, information, and cases.  The temporary disqualification having been accomplished, and enforced, there is an ongoing state proceeding.  *Cf. Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 167 (4th Cir. 2008) (stating that where plaintiff sought to invalidate a state judgment by filing a federal action and circumventing state-court judicial remedies, the state proceedings remained "pending" within the meaning of *Younger* abstention).  The relief requested is to enjoin enforcement.  An injunction against the enforcement of Article VI, §159, therefore, would unduly interfere with the ongoing

---

[5] In his brief, the Chief Justice states that the "requirement that Alabama provide a judge with due process before imposing suspension from office neither interferes with the current proceeding in the COJ nor requires this Court to supervise any future proceeding."  (Doc. #38 at p.4).  There is no request in the Verified Complaint, however, that this court order notice and hearing.  *Cf. Gilmour v. Gates, McDonald & Co*., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.")  There is a general request in the Verified Complaint for "such other and further relief," (Doc. #1) but that reference, even if it could be construed to include a request for the court to order the state court to conduct a hearing, would be in addition to the request that the court enjoin enforcement of Article VI, §159 (Doc. #1).  In conducting abstention analysis, this court is directed to analyze "the relief requested and the effect it would have on the state proceedings," *31 Foster Children*, 329 F.3d at 1276, not to *sua sponte* fashion a remedy which might not offend principles of federalism and comity.

proceeding of disqualification under and enforcement of §159 by terminating that enforcement. In other words, unlike in *M.R.* where the requested relief of ordering notice and a hearing would not have interfered with the ongoing proceeding of suspension, here, the requested relief of enjoining enforcement of the suspension would end the ongoing proceeding of suspension.

Even if the court accepts the view that the relevant ongoing state proceeding for *Younger* abstention analysis in this case is the ethics case against the Chief Justice, separated from the enforcement of Article VI, §159, however, the court concludes that the requisite amount of interference for *Younger* abstention still would exist based on the requested relief.  *31 Foster Children*, 329 F.3d at 1276.[6]  Under Eleventh Circuit law, the "relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *Id.*

"The state of Alabama has developed a comprehensive system to regulate its elected judicial officials." *Butler I*, 245 F.3d at 1260.  The Chief Justice has appended to his response brief to the Motion to Dismiss a description of the evolution of the inclusion of Article, VI, §159 in the Alabama Constitution.  In it he acknowledges the view of legal scholars that to implement a two-tiered system for enforcing ethics laws, the Alabama Constitution provided the JIC with an investigatory function and the COJ with an adjudicative function, and included the requirement for automatic temporary disqualification with pay to keep the investigatory body from performing an adjudicative function.  (Doc. #38 at p.25-29).  Because the temporary disqualification provision is an integral part of how the Judicial Canons are enforced in Alabama,

---

[6] At least one Circuit has found *Younger* abstention warranted under facts analogous to those in this case. *See Buckwalter v. State of Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012) (upholding *Younger* abstention when a physician sought injunctive relief against a summary suspension of his ability to prescribe controlled substances while his disciplinary proceedings were pending).

enjoining the disqualification provision would "disrupt the normal course of action in the state

proceeding." *31 Foster Children*, 329 F.3d at 1276. Further, the requested injunction would

keep the Chief Justice on the very court which rules on procedural issues and reviews COJ

determinations while his own COJ case is pending, which is not a procedure contemplated by the

enforcement scheme, and could cause delays and other disruptions in the process. *Younger*

abstention is warranted when the "requested relief would interfere with the state court's ability to

conduct proceedings, regardless of whether the relief targets the conduct of a proceeding

directly." *Id.* at 1276-77 (quoting with approval *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d

1253, 1272 (10th Cir. 2002)).[7]

The court concludes, therefore, that the requested relief would interfere with ongoing

state proceedings so that the first two *Middlesex* analytical prongs are met.

### B.  Third *Middlesex* Prong of *Younger* Abstention Analysis

The third prong of the *Younger* abstention inquiry is whether there is an adequate

opportunity in the state proceedings to raise constitutional challenges. *Butler I*, 245 F.3d at

1262.

---

[7]  Additionally, it occurs to the court that while one would presume that the Alabama Judicial Canons would require his recusal from his own ethics case if the Chief Justice were reinstated, the Verified Complaint identifies additional actions which have been taken to enforce temporary disqualification, such as restriction of access of the Chief Justice to information and staff and the re-assignment of cases.  If this court were to order the Chief Justice reinstated and "empowered to exercise all duties and responsibilities attendant to that office" as requested in the Motion for Preliminary Injunction (Doc. #2-1), and then a dispute arose as to the scope of his participation on the Court, this court would be required to monitor the enforcement of its injunction, and engage in supervision of the state courts, violating comity principles. *See Luckey*, 976 F.2d at 679 (the court must consider the "likely result of an attempt to enforce an order of the nature sought here."); *Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004) (stating, "[w]e interpret the *Younger* doctrine as preventing federal courts from being the grand overseers of state courts and court-like administration.").

The Chief Justice argues that he does not have an adequate opportunity to raise constitutional challenges in state court because the COJ does not have the authority to declare a state constitutional provision unconstitutional and because the Supreme Court of Alabama is a biased court of review.

### 1.   Authority of the COJ

The JIC points primarily to two authorities in arguing that constitutional claims can be raised in the COJ:   *Butler v. Alabama Judicial Inquiry Comm'n*, 261 F.3d 1154 (11th Cir. 2001) ("*Butler II*") and *Ex parte Judge [Redacted]*, No. 1130475 (Dec. 17, 2015), an unpublished and sealed decision of Alabama Supreme Court in a judicial discipline case, provided to the court *in camera*.[8]

In *Butler II*, a Justice of the Supreme Court of Alabama had challenged the provision which disqualifies a judge from acting as judge when a complaint is filed against him by the JIC as being violative of the freedom of speech guaranteed by the First Amendment of the federal constitution. 261 F.3d at 1158.  In examining *Younger* abstention principles, the Eleventh Circuit explained that the plaintiff bears the burden to establish that the state procedures are inadequate. *Id.* at 1159.  The court also explained that minimal respect for state processes precludes any presumption that the state court will not safeguard constitutional rights.  *Id*.  The Eleventh Circuit had previously certified questions to the Supreme Court of Alabama (*Butler I*), and although the procedural questions were not answered in the Court's response, one Justice wrote a dissenting opinion arguing that the procedural question presented here should have been decided and confirmed that federal constitutional objections can be raised and decided in a COJ

---

[8]  This opinion is subject to a pending motion to file an unredacted version. Because the court has not relied on the opinion in its analysis, that motion is due to be denied as moot.

proceeding. *Id.* (citing *Butler v. Alabama Judicial Inquiry Comm'n*, 802 So. 2d  207 (Ala. 2001) (Houston, J., dissenting)).  The Eleventh Circuit recognized that the statement by the dissenting Justice was not a binding opinion, but agreed with it and determined that it was appropriate to abstain based in part on that guidance. *Id.*

The *Butler II* court also addressed an argument that because the COJ includes lay members, it cannot consider constitutional challenges, which is also an objection specifically raised by the Chief Justice in the instant case.  *Id.* at 1159 & n.5.  The court rejected this argument, which relied on *Ex parte Smith*, 683 So.2d 431 (Ala. 1996). *Butler II*, 261 F.3d at 1159 & n.5.  *Ex parte Smith* is also a case relied on by the Chief Justice to support his arguments in this case (Doc. #3 at  p. 54).  The *Butler II* court held that the plaintiff had failed to establish that state procedures could not adequately address his federal constitutional challenges.  *Id.* at 1160.

This court finds that the Chief Justice's argument that the COJ does not have the authority to adjudicate federal constitutional challenges has been decided adversely to him by the Eleventh Circuit Court of Appeals in *Butler II*, which is binding on this court.   Therefore, under the binding authority of *Butler II*, the court finds unavailing the Chief Justice's argument that he lacks the opportunity to raise constitutional claims in the COJ.  This court finds that state law allows the federal constitutional challenge made by the Chief Justice here to be raised in the state COJ and, if necessary, in the Supreme Court of Alabama.

### 2.   Bias of the Supreme Court of Alabama

The Chief Justice's second argument that the federal court should not abstain and defer to the state courts, i.e., that he does not have an adequate opportunity in the state proceedings to raise constitutional challenges, is that the Supreme Court of Alabama is a biased court of review

and will ultimately review an appeal from a decision by the COJ.   The Chief Justice bases this argument on sealed documents filed in the proceedings against him in the JIC.  His argument essentially is that because certain Justices of the Supreme Court of Alabama did not recuse themselves from ruling on Rule 19 matters in his case, and because of rulings which he says were improper, he would not receive appropriate review of a possible adverse decision by the COJ which ultimately may be appealed to the Supreme Court of Alabama.

The JIC argues in reply that, even accepting for purposes of argument only that there were procedural irregularities in the Alabama Supreme Court's rulings on Rule 19 matters, those are in no way predictive of what will happen after the COJ makes a determination, should there be an appeal of that determination to the Supreme Court of Alabama.

In setting a briefing schedule on the pending Motion to Dismiss, this court specifically directed the Chief Justice to address any state law rule or precedent which establishes what the make-up of the Supreme Court of Alabama would be which would ultimately review any decision by the Court of the Judiciary in his case.  (Doc. #36).

The Chief Justice's response is that he expects improper behavior based on allegedly improper past actions of the Supreme Court of Alabama as it was constituted at the time of those actions.  He does not, however, cite any authority to support that the members of the Supreme Court which ruled on Rule 19 matters related to his JIC proceeding will be the same members who decide any appeal of a COJ determination.[9]

---

[9] In a previous appeal by the Chief Justice to the Supreme Court of Alabama from a determination by the COJ that he be removed from office, all of the Justices recused themselves pursuant to Canon 3 of the Alabama Canons of Judicial Ethics. *Moore v. Judicial Inquiry Com'n of State of Alabama*, 891 So.2d 848, 850 n.1 (Ala. 2004).  Seven judges were chosen from a random drawing of 20 names of a pool of retired justices and judges and appointed to serve as the special Supreme Court of Alabama.  *Id.* Alabama law requires that if the numbers of Justices

The Chief Justice also argues that he need not prove that the Supreme Court of Alabama will again act in the manner it did previously because uncertainty about the adequacy of a state remedy justifies retention of jurisdiction, citing *Hillsborough v. Cromwell*, 326 U.S. 620, 626 (1946), *Spector Motor Service, Inc. v. O'Conner*, 340 U.S. 602, 605 (1951); and *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 517 (1981).  These, however, are tax cases, governed by the Tax Injunction Act, which has its own separate standard, and do not apply here.  *See Rosewell*, 450 U.S. at 517  (citing 28 U.S.C. §1341 which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.").  The Chief Justice also cites to *In re Murchison*, 349 U.S. 133, 136 (1955) which is a due process case decided on the merits, not an abstention case.

In *Butler I*, and reiterated in *Butler II*, the Eleventh Circuit made very clear that a plaintiff "bears the burden to establish that the state procedures are inadequate."  245 F.3d at 1262; 261 F.3d at 1159.   The court specifically outlined the plaintiff's burden by stating that federal courts start with a belief that state courts are able to address federal constitutional challenges adequately and the plaintiff "must overcome this premise by demonstrating inadequate state remedies."  261 F.3d at 1159.  In *Butler II* the court went on to explain that *Younger* abstention often involves a level of uncertainty because the court does not know how a state court would have responded had federal issues been properly raised in state court, but "a federal court should assume that state procedures will afford an adequate remedy."  261 F.3d at 1159 & n.6.   In *Butler I*, the court

---

on the Supreme Court of Alabama falls below a certain number, special justices will be appointed.  Ala. Code §12-2-14, *Slagle v. Ross*, 125 So. 3d 117, 139 (Ala. 2012).

noted that a previous decision or act by a state supreme court on a certain issue does not necessarily make an otherwise adequate forum inadequate.  245 F.3d at 1264.

Although the challenge presented in the Eleventh Circuit's *Butler* decisions was brought as a violation of the First Amendment, it was a constitutional challenge to the same temporary disqualification of office with pay which is at issue in this case, and the court's holdings are binding in this case.   Given this binding precedent on the issues presented, the court concludes that the Chief Justice's argument about what may happen in the future, with no citation to any rule or precedent that supports his speculation that the make-up of the Supreme Court of Alabama which ultimately may review any appeal from a decision by the COJ will be the same as the Court which he states has acted improperly, is not sufficient to overcome the presumption that state procedures will afford an adequate remedy.   Therefore, following the Eleventh Circuit's holdings on the burden of proof and availability of remedy, the court concludes that the final prong of the abstention inquiry, the adequate opportunity in the state proceedings to raise constitutional challenges, is met here.

Applying the relevant analysis in this case, whether the ongoing state proceedings are viewed as enforcement of the §159 disqualification or the pending ethics case, all three *Middlesex* prongs are met in this case, and the case should be dismissed on the basis of *Younger* abstention.[10]

---

[10]  In opposition to the Motion to Dismiss, the Chief Justice does not invoke any exception to *Younger* abstention.  In his Motion for Preliminary Injunction, however, the Chief Justice does invoke *Younger* abstention exceptions.  The *Butler I* court addressed similar arguments regarding exception to *Younger* abstention, specifically with regard to irreparable harm.  245 F.3d at 1264. The court flatly rejected the applicability of the irreparable injury exception to a justice's temporary disqualification from office pending the outcome of the investigation by the JIC.  *Id.* at 1265.  The court stated that "[i]n light of the state's law, his legal duty now as a state judge might well be not to work, but to step back and to wait while the state's processes act on his

## V.  CONCLUSION

The voters in the State of Alabama adopted a far-ranging and comprehensive new Judicial Article to the State's Constitution, Article VI, a part of which created a method of dealing with allegations of misconduct by any of the judges of the State.  It created a Judicial Inquiry Commission, with authority to investigate and bring complaints of misconduct against a judge, functioning in a manner similar to a grand jury.  A Court of the Judiciary was created to try and determine any such complaints brought and an adverse decision by that court could be appealed to the Supreme Court of Alabama.  The new Judicial Article also provided that a judge against whom a complaint of misconduct had been filed with the Court of the Judiciary shall be disqualified from acting as a judge, without loss of salary, while such complaint is pending. Ala. Const. Art. VI, §159.  Chief Justice Moore has asked this federal court to hold that the disqualification provision of the Judicial Article of the Alabama Constitution violates his due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and to enjoin its enforcement and reinstate him fully to his service as Chief Justice while the charges against him are proceeding.

The Supreme Court of the United States has long recognized the importance of federal courts not interfering with ongoing state court proceedings, except under very limited circumstances.  This is referred to as "*Younger* abstention."  Here, there is the ongoing state proceeding, during which Chief Justice Moore has been disqualified with pay, which will

---

case," and that neither the justice nor the citizens of Alabama are suffering injury sufficient to justify immediate intervention by the federal courts. *Id.*  This court similarly finds, based on *Butler I*, and for the reasons discussed in connection with the adequacy of remedy analysis, that to the extent that it is properly raised in opposition to the Motion to Dismiss, no exception to *Younger* abstention has been shown in this case.

determine charges against him, and which has the authority to determine federal constitutional challenges.  He has chosen not to allow the state courts to determine his federal constitutional challenges, but instead to ask this federal court to act.  This court, out of respect for the state court's proceedings for determining discipline of the state's elected judges, in the manner provided by the state's own constitution, declines to do so.

Therefore, for the reasons stated above, the court abstains from exercising jurisdiction and it is hereby ORDERED as follows:

1.  In view of the Plaintiff's Voluntary Dismissal of Attorney General Luther Strange (Doc. #39), the Motion to Dismiss (Doc. #31) IS DENIED as moot and Defendant Luther Strange is DISMISSED without prejudice.

2.  The Motion for Leave to file Under Seal Unredacted "Secret Precedent" Cited by Defendants (Doc. #43) IS DENIED as moot.

3.  The Motion to Dismiss (Doc. #32) IS GRANTED to the extent that the court finds, for the reasons outlined, that abstention is appropriate in this case.  The Verified Complaint is DISMISSED without prejudice, and the Motion for Preliminary Injunction (Doc. #2) is DENIED as moot.

DONE this 4th day of August, 2016.

/s/  W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE